Good morning. May it please the court. My name is a ton Castellanich. I'm representing Christina Chappell on this appeal. Chappell has been diagnosed with several severe mental impairments including bipolar disorder panic disorder anxiety depression and a personality disorder. She has been receiving mental health treatment since at least two thousand and five including both medication and counseling. Also while this appeal is pending. Chappell filed a new application and was found disabled since January first two thousand eleven. So we are only seeking relief for the time period through December thirty first two thousand and ten. And when the onset of disability date was what. Well the alleged onset date I I was not returning at her hearing and the alleged onset date in her application is May twelfth two thousand and eight. I cannot for the life of me quite understand why that date was chosen since the work she was performing for the previous several years was all far below S. S. G. A. levels. But that's the date that we're on. Okay so two thousand eight through December thirty one exactly for purposes of this hearing it be May twelfth two thousand and eight through December thirty first two thousand and ten. So I'd like to now focus on the main errors that require reversal of the ALJ's decision. First of all the ALJ rejected or failed to properly properly evaluate the clinical findings and opinions of every treating and examining psychologist psychiatrist and mental health therapist. Chappelle's treating psychiatrist and therapist described many significant clinical findings most of which were not addressed by the ALJ. They also provided many GAF ratings most of which were between thirty eight and fifty. While GAF ratings do not by themselves explain a person's mental health condition. They do not provide any recommendations these ratings viewed over time provide longitudinal confirmation of the severity of Chappelle's mental illness. What if any significance is there to the fact that the latest version of the DSM. Has essentially dropped the GAF. Ratings. Social security the commissioner has actually issued- a guidance letter basically saying that although it's been dropped the GAF ratings remain as evidence that must be considered. And it's and but as I just said a GAF rating by itself cannot prove disability. So they're really considered sort of in conjunction with everything else. It's the significant I think evidence from the from retreating psychiatrists and therapists the most significant evidence are their treatment notes detailing the clinical findings. The GAF scores do track that and it's a convenient way since there are so many treatment notes and so many GAF scores. It's a good way of tracking it over a long period of time. One you know as you know from these cases where we're left with the somewhat extensive discussion here. I believe it's- Dixon, Ballaloo, Pullman etc. And then they ALJ does talk about the other doctors and references the treatment. So maybe you could help us in pointing as to where you think the specific errors are because there is this discussion then there's the discounting and then there's the substantial evidence question on our part. So what do you think in your view were the major flaws when we read this record as a whole? Okay well first of all failing to address the significant clinical findings was a big flaw because of how it then led to the error in the evaluation of the other evidence. Because the ALJ rejected the examining psychologists opinions who stated that who opined that Chappelle had marked functional limitations. The main reason she rejected them is stating they're inconsistent with the treatment notes. But she didn't discuss the treatment notes that actually supported and were consistent with those opinions. One of the things that struck me as interesting I haven't seen that in very many other ALJ hearings is that we actually have the testimony of I believe it's Dr. Sarah Moore who was a psychologist that I guess Social Security had review all these psychology records and recommendations. What if any weight may the ALJ give when he has a testifying medical expert who has reviewed all of the records and the opinions that you are here challenging? It really depends on the consistency of that expert's testimony with the other evidence of record. Here her testimony was not consistent with the other opinion evidence and it also wasn't fully consistent with the treatment notes that detailed severe clinical findings. But even more important even if you can you give us some specific examples because it strikes me that this may be an area where a fact finder would be assisted by an expert in the field who may be more conversant than the average ALJ with psychological evaluation. Well first for the sake of argument let's just say that the ALJ could give total weight to Dr. Moore's opinion and reject the opinions of everyone who actually met with and examined and evaluated Chappell. Well let me see if I can explain to you where I'm going with my questioning. It strikes me that this is a case where the fact finder is relying on conflicting testimony by experts. He's got the reports and the records from the claimants experts but he now has an expert witness that is testifying before him. How is that any different from asking the fact finder to look at the conflicting opinions and decide to make a credibility determination or decide to give more weight to Dr. Moore than to the written reports. Why can't the ALJ say well I just think Dr. Moore is a more believable more reasonable interpretation of the evidence than my reading of these other reports. Well if the ALJ is going to do that the ALJ has to state at least legitimate reasons for rejecting the evidence that contradicts Dr. Moore's opinion. But why can't he refer to her testimony as he does in his opinion and essentially credit that testimony as part and parcel of his reason for rejecting the opinions of the claimants experts. Because within that testimony Dr. Moore did not provide legitimate reasons to fully reject all the other opinions. Well one of the things she focused upon which the ALJ cites several times is situational stress as being the trigger for these low GAF scores that you're talking about. And that seemed to me to be a pretty reasonable explanation as opposed to and I'm no psychologist but a chronic mental deficiency that might or might not be affected by situational factors. Well situational factors will affect how a person any person even a person without mental illness feels. However here it's well documented that she has a long standing diagnosis of bipolar disorder. She's been taking medication at this point for eight years. It's hard to say that all of her problems and forget the GAF scores because there's the scores but to say that all of her problems throughout the entire treatment record are simply reactions to situational stressors is just not consistent with the evidence showing that she's been getting ongoing therapy and medication treatment for eight years now. But I guess the question that occurs to me is if if I'll call them psychological episodes I don't know what else to describe if those episodes are triggered by situational stress and she otherwise does well under the therapy that she's receiving then why can't the ALJ say well this is not a disability that is likely to last for a year which is going to prevent her from working at all. It's I mean we all have situational stress incidents that you know make us less effective in the workplace than if we had not. Well that's how I'm reading his opinion. Am I missing something? Well one thing you're missing and this is what I was trying to address before. It's not directly responsive to you but it's responsive to the issue. Not only did the ALJ give total totally accept say that she was totally accepting Dr. Moore's opinion. Dr. Moore herself said that she that she opined that Chappelle would occasionally her her stress intolerance would occasionally rise to marked levels and occasionally is defined by Social Security as up to one third of the time. But the ALJ didn't even include that part of Dr. Moore's opinion. So she used Dr. Moore's opinion to reject all of the marked limitations from everyone who's ever treated or examined Chappelle but then didn't even include the limitation that Dr. Moore described. Kind of describing what you would call kind of a cherry picking. Well that is a real problem here because you can't say I'm I'm I'm using this evidence to reject all that other evidence and then not accept that evidence and not give any reason for not accepting it. Now back to your question about the whole it is always a problem it's problematic. The courts not here to reweigh the evidence. The courts here to look for was the decision supported by substantial evidence was the decision free of legal error. In determining legal error you have to look at whether or not the ALJ in her decision stated at least legitimate reasons for rejecting contradictory evidence. The evidence is support evidence that contradicts Dr. Moore's opinion and evidence that supports Chappelle's disability claim. That's what gets me back to the question I asked you about this unusual situation where we actually have the testimony of a mental health professional at the hearing. I think that's significant and the ALJ apparently relied pretty heavily on Dr. Moore's evaluation and I guess the question for me as the reviewing judge is can the ALJ rely on that evidence and is that substantial evidence where there are conflicts in the opinions and he's crediting or giving more weight to one rather than the other. I mean to me that's sort of the classic role of a fact finder when he's got conflicting expert opinion. Well as a general matter Dr. Moore's opinion is entitled to less weight than the opinions of the of the psychologist who actually met with evaluated examined Chappelle as a general matter. However if the ALJ wants to give more weight to Dr. Moore's opinion she can do that but she's got to provide legitimate reasons for rejecting the contradictory evidence. What about the going to the to the credibility of the claimant what about her drug use the inconsistencies in her reports on drug usage? All of the other reasons or three reasons for rejecting Chappelle's credibility the other two clearly were incorrect. The only reason that is arguably correct is she did give some inconsistent stories about her her past use of drugs but that alone isn't a convincing reason to fully reject everything that she testifies to. Certainly not so insofar as her testimony is consistent with clinical treatment notes the treatment notes from treatment providers all line up with with what she's saying. Don't some of the treatment notes show that part of her depression is the result of the fact that she doesn't have a job? Yes she's she's desperately that's throughout this record that's what's interesting. He found her the judge the ALJ found her not credible in part because she was desperately seeking work. She really wanted to work but when she tried working the jobs didn't work out because she decompensate. Well I thought there was testimony that she left one job for a better job. She left one job because she was so upset when one of the clients on the job on the bus had fallen and she didn't know what to do that she went back to a warehouse job which was her former work and she got fired from that job because she couldn't do it. So that's that's sort of the chronology. I'm sorry I thought that warehouse job involved heavy lifting and that was the  reason why she left. It wasn't just because of that but yes it what about the ALJ also cited to the fact that when she enrolled in I guess it was junior college. She got a four point oh during that particular school period she's got bipolar disorder wasn't long after that that she dropped out because she was no longer able to do to do the work and to and to keep up with it. I'm gonna I'm down to three yes I'll give you some rebuttal thank you. Good morning may it please the court Jeff staples for the commissioner who asks that you affirm the district court's judgment because the ALJ's decision is supported by substantial evidence and free of legal error. Judge Hawkins I think you hit the nail on the head of what is the most salient fact running through these treatment records and it's the fact that. Miss Chappell is almost constantly and she's described as relentlessly seeking work. It was reasonable for the ALJ to look at that fact which runs throughout the treatment records and conclude that a person who is so relentless in seeking work. Maybe believes that they could do work. The other important fact about the treatment records that comes up time and again. Is that. Miss Chappell's depression was situational and is largely based on her failure to find work not her failure to be able to do work but her failure to be able to secure a job she worked with vocational rehab throughout the period at issue. And although she was and when she continued to be unable to. Find work. She repeatedly told treatment providers that that was the cause of her problems and the cause of her depression what's the importance of. Listing twelve point. Well your honor the ALJ discussed listing twelve point oh four. And consistent with Dr. Moore's testimony found that Miss Chappell's impairments did not rise to the severity of that. Listing doctor or actually say that. Dr. Moore did discuss the B. criteria of twelve point oh four and said that it. She had moderate limitations and did not meet the B. criteria and you give me a record site for that. I have. I don't have a record site for the B. criteria I can look it up if you'd like I do have a record site though but the ALJ also said that she had testified. On the C. criteria so that's not true. Dr. Moore did not mention the C. criteria in particular however Dr. Moore was asked whether Miss Chappell's impairments met or equaled the criteria of any listing. Which would include necessarily twelve point oh four paragraph C. which is a listing. And Dr. Moore testified that they did not. So you know what's kind of odd about that I understand that. There is a broad testimony but then the ALJ is crediting Dr. Moore with saying that she didn't meet the paragraph C. criteria when Dr. Moore never even mentioned the C. criteria so that that seems a little. Strange as to why is the ALJ relying on a very. Discreet. Paragraph when in fact there was no testimony on that. Well I mean. I agree with you that Dr. Moore did not mention the paragraph C. criteria and the ALJ said that she had testified about the C. criteria so if we were to determine that that was an error. What would be the consequence of that if that was an error it was at most a harmless error because Ms. Chappelle does not in fact meet the C. criteria. Is there other evidence that supports that? There's no opinion evidence that anyone else in the record said that she does meet the C. criteria and although there is an effort by Ms. Chappelle in briefing to cobble together treatment notes to suggest that maybe she does meet it there's actually no specific evidence that she does. So we know I guess this is something of a footnote to your opening argument that the record supports the ALJ absolutely across the board with respect to criteria C. apparently it doesn't at least not Dr. Moore and my question following on my colleague's question is is there other evidence in the record that we could look to that would support the ALJ's conclusion with respect to C. Certainly the paragraph C. criteria requires or contemplates an individual who is so impaired that even a minimal change in their routine would cause them to completely decompensate. Here Ms. Chappelle was able to as Judge Tallman pointed out attend community college which requires more than a minimal change from her usual staying at home and she was able to achieve a 4.0 over an entire semester on a full course load. So that was one thing that supported the ALJ's determination. Another thing that supported it is the repeated references to Ms. Chappelle's search for work. A another indication was the report from the 2010 report from Dr. Schneider who evaluated Ms. Chappelle and concluded that she retained the capacity for work within the ALJ's RFC finding. Ms. Chappelle even told Dr. Schneider that she had been working in 2008 and nothing had changed about her symptoms since then. So given that testimony and his objective mental health testing Dr. Schneider concluded that she could retain the capacity for work. That represents substantial evidence in support of the ALJ's RFC finding and justifies the ALJ's reliance on some of the more specific testimony from Dr. Moore and the state agency reviewing doctors. With regard to the credibility assessment the inconsistent statements about substance use have multiple times been affirmed by this court as a clear and convincing reason to reject an individual's statements about their limitations. Moreover although... So is the rule the same in social security proceedings as the jury instruction that we give in a trial that the finder of fact may accept some of the witness's testimony or none of it or accept all of it but it alone makes the credibility determination and once that determination is made it decides whether to believe anything the witness said. I'm going to plead a little bit of ignorance about the jury instructions but what you're saying is absolutely correct that the ALJ is the fact finder and the ALJ did not reject everything that Ms. Chappell said. He said that or excuse me she said that her testimony was was believable to the extent it was consistent with the RFC finding but these inconsistencies throughout her testimony eroded her credibility to the extent that the ALJ could not believe her total disability. So what you're describing is what I would call a partial adverse credibility finding that the fact finder accepted some of the things she said but not everything. That's correct Your Honor and the ALJ was justified in doing so based on the inconsistencies in Ms. Chappell's testimony. Additionally although Ms. Chappell said that she stopped working because of her condition in 2008 she later testified that she left her job as a excuse me it wasn't testimony but she told a treatment provider she left her job as a bus driver to take another job. Furthermore Ms. Chappell's success in community college her work on a farm and her relentless job search all undermined her statements about complete completely disabling symptoms. What was the basis for the determination that she's eligible for benefits. I have no knowledge of that Your Honor that was referenced in the twenty eight J letter but I don't believe that if you don't know that's fine I don't it's not in the record and it's not in the record in this case and it's not my understanding that there's been any request for sentence six relief either so it's my understanding since it's not my understanding that that Ms. Chappell has requested that this court consider that she's requested that this court consider that evidence in deciding whether to send this case back it's my understanding that we're just looking at the record for this period for this period of time as it appears in the transcript. Because the ALJ made a reasonable interpretation of the evidence showing that consistently throughout the treatment record Ms. Chappell's impairments were related primarily to situational stressors and her inability to work the ALJ was entitled to reject the medical opinions that were suggestive of total disability because that was a specific and legitimate finding within the ALJ's purview. Because it was based on a reasonable reading of the record this court should find that the ALJ's decision was supported by substantial evidence and should affirm the district court's judgment unless there are further questions. Thank you very much. Thank you. Let me start by pointing to the ALJ's rejection of Dr. Malcolm's opinion. The ALJ didn't state any reason at all for rejecting Dr. Malcolm's opinion that Chappell is markedly impaired in her ability to exercise judgment and make decisions and maintain appropriate behavior in a work setting. No reason at all. She's got to credit that opinion because she didn't give any reason for rejecting it. I'm sorry what was the name of that physician. Excuse me. The physician is Dr. Dr. Malcolm. The ALJ rejected her opinion about stress tolerance based on Dr. Moore's testimony. We've already discussed that why I think that was incorrect. In addition the ALJ gave only one reason for Iredale's opinion which was that it is quote not consistent with the treatment record. That reason is not specific. It's not legitimate. And with both of those doctors both Dr. Malcolm and Dr. Iredale there were contemporaneous treatment records that are consistent with their opinions. With regard to the C criteria that was discussed you're correct. That finding by the ALJ is not supported by substantial evidence. It's simply a false statement by the ALJ. The response to that was even if that's the case. Which I think it is in the record. There's plenty of medical evidence in this file that would support a finding that she cannot handle stress. And that's what the C criteria is about. So no there's no there's no competent finding on the C criteria issue. But there was testimony by Dr. Moore that the stress was too chronic. And I'm still struggling with trying to understand your position. Why the ALJ cannot rely on Dr. Moore's review of those records and then and ask the general question based on your review. You know does she meet any of the listings and the witness and the expert says no. Because an ALJ is required to provide in her opinion a specific explanation of her of the basis of her decision. And Dr. Moore's general answer doesn't satisfy the requirement that the ALJ must explain her analysis of the B criteria and the C criteria. I guess that the ALJ wrote an 11 page report here and references a number of pieces of evidence that would support crediting what Dr. Moore said. So I understand everybody wants to focus on just a couple of lines in these opinions. But I guess I'm trying to understand what the law requires. Does it require more specifically with regard to this issue. I take it your position is that yes it does. The ALJ has got to explain her analysis of the B and C criteria. Thank you. Thank both counsel for your arguments this morning. The case of Chicale v.
judges: Hawkins, McKeown, Tallman